IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JEFFREY CUTLER,

    Plaintiff,

v.

NANCY PELOSI, et al,

    Defendants.

CIVIL ACTION
NO. 19-834

**MEMORANDUM OPINION**

**Schmehl, J. /s/ JLS**                                                                  February 3, 2020

**I.**     **INTRODUCTION**

Plaintiff, Jeffrey Cutler, brings this *pro se* action against sixteen defendants, including various media companies, banks, insurance companies, a law firm, a school district, Ford Motors and Nancy Pelosi, Speaker of the United States House of Representatives[1]. All Defendants have moved to dismiss Plaintiff's Complaint. For the reasons that follow, I will grant Defendants' Motions to Dismiss.

**II.**     **BACKGROUND AND STATEMENT OF FACTS**

The facts underlying the instant lawsuit are unclear, but an attempt to summarize them follows. Plaintiff alleges that on February 12, 2019, police officers from the "Haverford, Pennsylvania" police department "surrounded" Plaintiff at a Citizen's Bank in Havertown, Pennsylvania and prevented him from assisting his mother in reviewing documents. Compl. at p. 5. He alleges that this was part of an attempt by members of the

---

[1] Plaintiff also included Bend Bulletin Newspaper as a defendant in this matter. On May 23, 2019, Bend Bulletin Newspaper filed a Suggestion of Bankruptcy. Accordingly, Plaintiff's case cannot proceed as to this defendant.

Ku Klux Klan or "[an]other secret society" to target Plaintiff for being Jewish and because he challenged "Obamacare" in a lawsuit starting in 2013. (*Id.*) Plaintiff alleges that he received a "no trespass" letter from the Haverford Police that was signed by the branch manager at the Citizen's Bank. (*Id.* at p. 6.) Plaintiff then claims that he attempted to file a police report about the "no trespass" letter he received from Citizen's Bank, and to his knowledge no investigation was pending at the time of filing this Complaint. (*Id.* at p. 7.) Plaintiff then mentions that "[a] crime in Chicago is investigated (Jussie Smollett) while this crime is not investigated" which appears wholly unrelated to his allegations. Plaintiff's Complaint claims to set forth causes of action for false arrest, invasion of privacy and conspiracy.

### III. <u>LEGAL STANDARD</u>

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *See Caterbone v. Lancaster City Bureau of Police*, 2018 WL 3549266, at *2 (E.D. Pa. July 24, 2018), appeal dismissed, 753 F. App'x 91 (3d Cir. 2019) (citing *Fabian v. St. Mary's Med. Ctr.,* 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017)). A complaint does not allow a defendant to meaningfully respond if it is not clear what each defendant is alleged to have done and how each defendant is liable to the Plaintiff. *See Prater v. Am. Heritage Fed. Credit Union*, 351 F. Supp. 3d 912, 916 (E.D. Pa. 2019). Claims will warrant dismissal if "they rely on

fantastic scenarios lacking any arguable factual basis." *DeGrazia v. F.B.I.*, 316 F. App'x 172, 173 (3d Cir. 2009).

Moreover, Federal Rule of Civil Procedure 12(b)(6) requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. Id. Where, as here, plaintiff is proceeding pro se, the Court has "an obligation to construe the complaint liberally." *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## IV. DISCUSSION

### A. Motions to Dismiss

All Defendants in this matter have filed motions to dismiss Plaintiff's Complaint. For the reasons set forth below, all motions will be granted, and Plaintiff's Complaint will be dismissed.

First, Defendants, the Wikimedia Foundation, Ford Motor Company, Verizon Corporation, Associated Press, Lemberg Law, Fulton Bank, Google Corporation, U.S. News and World Reports and Manheim School District all move to dismiss Plaintiff's Complaint because Plaintiff failed to allege any facts whatsoever concerning each Defendant's alleged role in the incidents underlying this lawsuit. In fact, Plaintiff makes absolutely no mention of any of these nine Defendants in his Complaint other than including them in the caption and the introductory paragraphs that identify the parties.

3

Plaintiff's Complaint does not meet the pleading requirements of Federal Rule of Civil Procedure 8(a) and should be dismissed as to these defendants. Although *pro se* complaints are to be liberally construed "as to do substantial justice," this less stringent standard does not save the *pro se* litigant from dismissal pursuant to Rule 8(a)'s "short and plain statement" requirement. *Id.* A complaint does not provide a defendant opportunity to meaningfully respond if it is not clear as to each defendant's alleged actions and the manner in which each defendant is liable to the plaintiff. *Prater v. Am. Heritage Fed Credit Union,* 351 F. Supp. 3d 912, 916 (E.D. Pa. 2019). As to these nine defendants, Plaintiff's Complaint fails to mention how any of them are involved in his convoluted statement of facts. Plaintiff makes no allegation as to how any of these defendants allegedly took part in his claims for false arrest, invasion of privacy or conspiracy. Accordingly, I will grant Defendants' Motions to Dismiss and dismiss Plaintiff's Complaint as to the Wikimedia Foundation, Ford Motor Company, Verizon Corporation, Associated Press, Lemberg Law, Fulton Bank, Google Corporation, U.S. News and World Reports and Manheim School District with prejudice, as this matter is frivolous and vexatious as to these defendants.

Next, Defendants State Farm Insurance and Erie Insurance move to dismiss Plaintiff's Complaint. The only time Erie Insurance is mentioned by name is in paragraph 10 of the Complaint where Plaintiff describes Erie as an insurance company with corporate headquarters in the Commonwealth of Pennsylvania, and the only time State Farm is mentioned by name is in paragraph 11 of the Complaint where Plaintiff describes State Farm as an insurance company with corporate headquarters in Bloomington, Illinois. In all fairness, Plaintiff does briefly reference two insurance policies in the facts

section of his claim for false arrest in violation of the Constitution, stating "[a]ll defendants acted under color of state law or federal law, in a conspiracy to support the narratve [sic] that covers the bank robbbery [sic] of Mr. Cutler's bank account, theft of 100% of his possessions and all records with zero compensation, despite having 2 insurance policies in effect at the time." Compl. ¶ 18. It is entirely unclear how Plaintiff's insurance policies with unnamed companies, no less, are relevant to any of the claims set forth in his Complaint. There is no reason why Plaintiff's insurance policies would be relevant to a theft claim or any other claim, and there is no evidence that Erie and State Farm even issued the insurance policies that Plaintiff references. Accordingly, Plaintiff's Complaint does not meet the pleading requirements of Federal Rule of Civil Procedure 8(a) and should be dismissed as to defendants State Farm and Erie Insurance as well.

As to Defendant Philadelphia Media Network (Newspapers) LLC, improperly named by Plaintiff as Philadelphia Newspapers, Inc., in the Preliminary Statement of his Complaint, Cutler references an article about him that was published in *The Philadelphia Inquirer* and on Philly.com. *See* Compl. at p. 2. In addition, he attaches to his Complaint a copy of the article as it appeared in *The Philadelphia Inquirer*. Yet after his Preliminary Statement, Cutler does not mention the article at all—or any other conduct by "Philadelphia Newspapers Inc." Further, nowhere in his Complaint does Plaintiff plead how it is that publishing the article in question allegedly constituted false arrest, invasion of privacy, or conspiracy.

Given that there are no factual allegations tying "Philadelphia Newspapers Inc" to any of the five counts in the Complaint, the Complaint fails to state a claim against "Philadelphia Newspapers Inc." and must be dismissed.

As to Defendant, Nancy Pelosi, in her official capacity as Speaker of the House of Representatives, the only specific allegation against her is contained in paragraph 35 of Plaintiff's Complaint, where it states: "The Speaker of the House of Representatives through her lawyers made a false statement in court and violated (18 U.S.C. § 1001) on 03JAN2019 on page 24 of the filing in case 4:18-cv-00167-0." Compl. at ¶ 35.

First, the United States must be substituted as a defendant for Speaker Pelosi, as she is being sued in her official capacity, which requires her to be dismissed and the United States to be substituted as a defendant. It is well-settled law that "[o]fficial capacity suits...generally represent only another way of pleading an action against an entity of which an officer is an agent." *Anderson v. City of Philadelphia*, 2017 WL 550587, at * 7 (E.D. Pa., Feb. 10, 2017) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)).

Next, Count I of Plaintiff's Complaint as to the United States is a false arrest claim in violation of the Fourth and Fourteenth Amendments of the United States Constitution and must be dismissed. Absent a waiver, the doctrine of sovereign immunity bars all suits for damages against the United States. *See Jaffee v. United States*, 592 F.2d 712, 717-18 (3d Cir.) cert. denied, 441 U.S. 961, 99 S. Ct. 2406, 60 L. Ed. 2d 1066 (1979). "Neither the United States nor its agencies have waived sovereign immunity for constitutional claims." *Mierzwa v. United States*, 282 Fed. Appx. 973, 976 (3d Cir. 2008) (*citing United States v. Testan*, 424 U.S. 392, 400-402 (1976)). As Count I of Plaintiff's Complaint claims to set forth causes of action under the Fourth and Fourteenth Amendments, those claims are barred as to the United States under the doctrine of sovereign immunity. Similarly, the false arrest claim set forth in Count II of Plaintiff's Complaint is also barred by sovereign immunity as to the United States, as the waiver of sovereign

immunity does not apply to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution. . ." 28 U.S.C. § 2680(h).

Further, Counts II, III and IV of Plaintiff's Complaint must be denied as to the United States because Plaintiff has failed to exhaust his administrative remedies. When Speaker Pelosi, as a federal employee, was sued for common law torts while acting within the scope of her employment, and the United States is substituted as a defendant in her place, the common law tort claims "are thereafter governed by the Federal Tort Claims Act (FTCA)." *Osborn v. Haley*, 549 U.S. 225, 230 (2007).

The FTCA "precludes suit against the United States unless the claimant has first presented the claim to the relevant Federal agency and the claim has been finally denied." *Lightfoot v. United States*, 564 F.3d 625, 626-27 (3d Cir. 2009). Because Plaintiff's common law tort claims are governed by the FTCA, Plaintiff was required to file an administrative claim with the United States House of Representatives and permit the agency to decide the claim. *See* 28 U.S.C. § 2675(a). Plaintiff has not filed an administrative claim. *See* ECF No. 38, Exh. C, Declaration of Sarah Clouse. Accordingly, Counts II, III and IV against the United States must be dismissed. *See Wilder v. Luzinski*, 123 F. Supp.2d 312, 313 (E.D. Pa. 2000) ("[A] court does not have jurisdiction before administrative remedies have been exhausted, and a court must dismiss any action that is initiated prematurely.")

Plaintiff's Count V against the United States alleges "conspiracy under federal law" and seeks relief under two federal statutes, 42 U.S.C. § 1985(3) and 18 U.S.C. § 1001. Compl. at ¶ 35.  However, neither of these two federal statutes permits a cause of action to be brought against the United States. First, § 1985(3) does not waive the United

7

States' sovereign immunity for suits challenging actions taken under color of federal law. *See Mousseaux v. United States,* 28 F.3d 786, 787 (8th Cir. 1994). Further, claims arising under § 1985(3) only apply to the conduct of "persons" and the United States is not a "person" under this provision. *Hindes v. F.D.I.C.*, 137 F.3d 148, 158-59 (3d Cir. 1998). Next, 18 U.S.C. § 1001 is a criminal statute that does not provide a basis for civil liability. *See Shaw v. Fernandes,* 2018 WL 547234, at *2 (E.D. Pa. Jan. 24, 2018). Accordingly, Plaintiff's conspiracy claims against the United States must also be dismissed.

As to Defendant Citizens Bank, Plaintiff's Complaint contains absolutely no facts to support any claim that Citizens committed or concealed the crime of bank robbery or any other crime, nor are there any facts giving rise to a private right of action of some kind for theft from Plaintiff's account as has been vaguely alleged. Moreover, while the Complaint describes an alleged incident at a Citizens' branch, the alleged conduct of Citizens at most amounted to a call to police and signing of a no trespass letter that the police gave to Plaintiff. The mere calling of the police and signing of a no trespass letter is not actionable conduct, particularly since no arrest was made and Plaintiff failed to identify any false or misleading information provided by Citizens to the police. *See Cooper v. Muldoon*, 2006 WL 1117870, at *4-5 (E.D. Pa. Apr. 26, 2006) (dismissing a plaintiff's false arrest claim because the bank was not a state actor and there was no allegation that the bank manager or other employees knowingly provided false or misleading information to police leading to arrest).

To state a viable claim for false arrest, a plaintiff must allege (1) the arrest,

8

detention or false imprisonment of another person, (2) without adequate legal justification or cause. *Baker v. County of Lancaster*, 2016 WL 6568105, at *3 (E.D. Pa. Nov. 4, 2016) (*citing Gilbert v. Feld*, 788 F. Supp. 854, 862 (E.D. Pa. 1992)); *Cooper*, 2006 WL 1117870, at *3 (also citing *Gilbert*). Here, however, by Plaintiff's own allegations he was never arrested or detained. Instead, he was merely issued a "no trespass" letter. Compl. ¶ 9. Moreover, even if the police had detained Plaintiff – which is not alleged – Plaintiff's claims against Citizens also fail because Citizens is not a state actor. *See Cooper*, 2006 WL 1117870, at *2 ("Generally, a private entity such as Bank of America is not a state actor."). While an exception to the state actor requirement has been recognized where a private individual provided false information to law enforcement officials, *id*. at *4, "Plaintiff has not alleged that the bank manager or any other employee of the bank knowingly provided false or misleading information regarding Plaintiff to the . . . police," *Cooper* at *5. Thus, Plaintiff here has failed to state a claim against the bank for false arrest and imprisonment. Plaintiff's false arrest claims in Counts I and II, and civil conspiracy claim in Count IV based on the claims of false arrest, are therefore dismissed with prejudice.

As for Plaintiff's claim for invasion of privacy, it does not refer to any actions of Citizens and must be dismissed due to its vagueness. Finally, as for Plaintiff's final claim for conspiracy under federal law, this claim also must be dismissed, as Plaintiff has not pled any facts that could establish that Citizens violated or conspired to violate any federal laws.

Lastly, Defendant Haverford Police Department also moves to dismiss Plaintiff's Complaint. First, the Police Department points out that for purposes of Plaintiff's section

1983 civil rights claims, a police department is not a "person" because it lacks an identity separate from the municipality of which it is a part. *Draper v. Darby Twp. Police Dept.*, 777 F.Supp.2d 850, 856 (E.D. Pa. 2011). If Plaintiff is attempting to set forth a section 1983 claim against the municipality that encompasses the police department, he must establish that a policy or custom of the municipality caused a constitutional violation. *Monell v. Dept. of Social Services*, 436 U.S. 658, 690 (1978); *Watson v. Abington Twp.*, 478 F.3d 1544, 155 (3d Cir. 2007). Although Plaintiff mentions a *Monell* claim in his Complaint, the Complaint is completely devoid of any factual allegations that support such a claim. There is no mention of any official policy, proclamation or edict on the part of the municipality. Accordingly, the section 1983 claims against the Police Department must be dismissed.

As to Plaintiff's claim for false arrest set forth in Count II of his Complaint, assuming this is a state law claim, it still must fail as to Defendant Police Department. As discussed above, to state a viable claim for false arrest, a plaintiff must allege (1) the arrest, detention or false imprisonment of another person, (2) without adequate legal justification or cause. *Baker v. County of Lancaster*, 2016 WL 6568105, at *3. Here, however, by Plaintiff's own allegations he was never arrested or detained. Instead, he was merely issued a "no trespass" letter. Compl. ¶ 9. Clearly, Plaintiff's Complaint fails to set forth any allegations of arrest or detention that would support a false arrest claim.

As to the invasion of privacy claim in Count III, it is vague and conclusory with no factual support. As to Counts IV and V of the Complaint for state and federal conspiracy, Plaintiff's claims of conspiracy are rambling and fantastical and lack all basis

in fact. Plaintiff sets forth allegations based on suspicion and speculation which fail to state a claim for conspiracy.

Accordingly, all Defendants' motions to dismiss will be granted and this matter will be dismissed with prejudice. I am mindful of the fact that in civil rights cases, *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, *see Fletcher–Hardee Corp. v. Pote Concrete Contractors,* 482 F.3d 247, 253 (3d Cir.2007), unless granting further leave to amend is not necessary where amendment would be futile or result in undue delay, *Alston v. Parker,* 363 F.3d 229, 235 (3d Cir.2004). In this matter, it would clearly be futile to allow Plaintiff to amend. Plaintiff's Complaint does not comply with Federal Rule of Civil Procedure 8 in any aspect and is not a proper pleading. The filing does not set forth a cause of action, does not detail how each of the Defendants are involved, and provides no basis for jurisdiction. Accordingly, Plaintiff's Complaint is dismissed with prejudice.

**B.     All Other Pending Motions**

Plaintiff has also filed a plethora of other motions in this case. Each one will be denied, as discussed below.

First, Plaintiff has filed multiple motions seeking to consolidate the instant case with other cases. He seeks to consolidate this case with case number 19-189, *Ezeibe v. City of York*, in the Middle District of Pennsylvania, case number 19-852, *Camp v. City of Philadelphia*, in the Eastern District of Pennsylvania, appeal number 146 MD 2019 in the Commonwealth Court of Pennsylvania and case number 19-3149, *Levin v. City of Philadelphia*, also in the Eastern District of Pennsylvania. All motions to consolidate are denied, as none of these matters are related to each other, nor do any of them share the

same legal or factual issues as required by Federal Rule of Civil Procedure 42 ("common question of law or fact" is required for consolidation of cases).

Plaintiff has also filed three "Motions for Default and Summary Judgment." Two motions seek default against Brian Sims, the second motion also seeks default against East Lampeter Township and High, Inc., and the third motion seeks default against all defendants. These motions are denied to the extent they are seeking default judgment against Sims, East Lampeter Township and High, Inc. because they have not been named as defendants in this suit. To the extent these motions are seeking summary judgment as to all other defendants in this matter, they are denied. Plaintiff's Complaint has failed to establish any facts whatsoever that show that he is entitled to judgment as a matter of law. To the extent these motions are seeking default against all defendants in this matter, they are denied, as all defendants have properly responded to Plaintiff's Complaint.

Plaintiff filed a "Motion for Writ of Execution" which will also be denied, as no judgment presently exists in this matter upon which a writ of execution could issue, nor has Plaintiff set forth grounds upon which a judgment could be entered as to any defendant. *See* Fed. R. Civ. P. 69(a)(1). Plaintiff's Motion for Scheduling a Jury Trial will be denied as moot, due to the dismissal of this matter, and his Motion to Change Venue for a case from Texas to Pennsylvania will be denied.

V. **CONCLUSION**

For all the reasons set forth above, Plaintiff's Complaint completely and utterly fails to set forth a cause of action as to any defendant and fails to allege how each of the defendants are involved in this matter. Accordingly, I will dismiss the complaint with prejudice.